UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROYCE WILLIAMS,

        Plaintiff,

vs.                                                        Case No.  3:05-cv-479-J-20MCR

ASPLUNDH TREE EXPERT CO.,

        Defendant.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery (Doc.
10) filed November 22, 2005.  Defendant filed a response in opposition on December 9,
2005.  (Doc. 12).  Accordingly, the matter is ripe for judicial review.

## I. BACKGROUND

On May 24, 2005, Plaintiff filed an action alleging racial
discrimination/harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title
VII), 42 U.S.C. §1981 and the Florida Civil Rights Act.  (Doc. 1).  Plaintiff also asserts
several state law claims.  Essentially, the complaint alleges Defendant subjected
Plaintiff to discrimination and harassment on the basis of his race and that Plaintiff's
employment was ultimately terminated because of his race and in retaliation for
complaining of racial discrimination.  (Doc. 1).

On August 22, 2005, Plaintiff served Defendant with his first set of interrogatories
and his first requests for production.  (Doc. 10, Exs. A and B).  In September, Plaintiff

-1-

served Defendant with a second set of interrogatories and further requests for production.  (Doc. 10, Ex. C and D).  Defendant responded to each of these discovery requests and Plaintiff now challenges these responses as being incomplete.

## II.  DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant motion, Plaintiff claims that many of Defendant's responses to his discovery requests are deficient.  The Court will address each of Plaintiff's contentions separately.

A.      **Plaintiff's Initial Interrogatories to Defendant**

1.      <u>Interrogatories Nos. 2 and 4</u>

Plaintiff's Interrogatory No. 2 asks Defendant whether any EEOC charges relating to race discrimination have been filed against Defendant from January 1, 1994 to the present and then asks several follow-up questions.  Interrogatory No. 4 seeks information regarding all employee complaints relating to race discrimination from January 1, 1994 to the present.  Defendant objects that these interrogatories are overbroad in that they seek "company-wide data regarding race discrimination charges dating back to 1994." (Doc. 12, p.7).  Defendant suggests information limited to a five year period in the region where Plaintiff worked would be more appropriate.

To support this suggestion, Defendant points out that Plaintiff only worked in Region 55 under a Florida Power and Light contract which prohibited employment for individuals with a felony conviction within seven years of employment or more than two misdemeanor convictions for drug or violent offenses within five years of employment. (Doc. 12, p.7).  Defendant asserts that no other regions operated under such a contract. <u>Id.</u> Defendant further claims that Plaintiff was fired by an individual with no decision making authority outside Region 55.  <u>Id.</u>  Accordingly, Defendant takes the position that because it has already provided Plaintiff with information regarding race discrimination complaints dated 2000 through the present for Region 55, it has fulfilled its obligations to respond to these interrogatories.

Under Rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of

-3-

any party, . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).  Plaintiff argues that the information it seeks regarding other acts of discrimination by Defendant "is relevant to prove motive, intent, and a pattern of race discrimination and that Defendant's contention that it terminated Plaintiff's employment because of Plaintiff's alleged felony is false and a pretext for illegal racial discrimination."  (Doc. 11, p.3).  In support of this contention, Plaintiff cites to numerous cases which he claims stand for the proposition that discovery into other instances of alleged discrimination by a defendant is relevant.  However, many of those same cases also note that such discovery must have temporal and/or geographic limitations.  See Davis v. Precoat Metals, 2002 WL 1759828 at *3 (N.D. Ill. 2002) (plaintiff's discovery requests limited to complaints of race and national origin discrimination filed by other employees who worked at the same plant as the plaintiff); Robbins v. Camden City Board of Education, 105 F.R.D. 49, 58 (D. N.J. 1985) (holding that the plaintiff's interrogatories were overbroad and imposed an undue burden on defendant because they contained no limitations as to time, type of action complained of, or type of discrimination alleged); Byers v. Illinois State Police, 2002 WL 1264004 at *9 (N.D. Ill. 2002) (noting that "the fact that the plaintiffs are entitled to discovery regarding other acts of discrimination does not mean that they are entitled to state-wide discovery on that issue" and that "the discovery of prior discrimination complaints against the defendant must be tailored to the legal issues involved in each particular case.").

With respect to temporal limitations, Plaintiff claims going back to 1994 is reasonable because Plaintiff was first subjected to discrimination in November 2003 during his initial interview and apparently, Plaintiff believes nine years before the first allegation of discrimination is reasonable.  Despite this suggestion that nine years is reasonable, Plaintiff cites to cases holding that four and five years prior to alleged illegal actions were reasonable.  Based on these cases, Plaintiff would be permitted to discover information only going back to November 1998.  The Court believes that in this case, January 1999 is a reasonable time period for discovery of other claims of race discrimination.

As for the geographical limitation, Plaintiff claims it needs company-wide complaints to demonstrate that Defendant's "inadequate investigation of Plaintiff's complaint and subsequent ineffective remedial action illustrated a pattern of racial hostility at the worksite and apathy to racial discrimination at headquarters."  (Doc. 11, pp.2-3).  Plaintiff's motion notes that paragraph 45 of the Complaint "alleges, upon information and belief, that Defendant has tolerated and/or engaged in similar conduct to the allegation set forth in Plaintiff's complaint, evidencing a pattern of racially discriminatory conduct and knowledge by Asplundh."  (Doc. 11, p.5).  However, the motion fails to point out that paragraph 45 states that Defendant allegedly engaged in similar conduct "at job sites in the Lake City area."  (Doc. 1, ¶45).  Based on a review of the allegations in the Complaint as well as Defendant's assertions and the supporting affidavit attached to Defendant's response to the instant motion, the Court is satisfied that discovery should be limited to Region 55, the region where Plaintiff worked.  As

noted above, Region 55 was the only region subject to a contract with a limitation on employment of felons and the relevant decision-maker only had authority to make decisions in Region 55.  Accordingly, Defendant is only required to produce information regarding other EEOC charges or complaint of race discrimination from January 1, 1999 to the present for Region 55.  To the extent it has not done so, Defendant shall produce such information no later than **Wednesday, January 25, 2006**.

      2.    **Interrogatory No. 3**

This interrogatory asks Defendant to identify its employee profile as of January 1 for the years 2002, 2003 and 2004.  Essentially, this interrogatory seeks a breakdown of the number of employees who are male, female, white, black and hispanic.  Again, Defendant objects to this interrogatory on the grounds that it fails to contain a geographic limitation to the area where Plaintiff worked, that it seeks irrelevant information and is overly broad.  Defendant argues that the interrogatory seeks irrelevant information because Plaintiff alleges racial discrimination and therefore, the number of hispanic and female employees is not relevant.  Furthermore, Defendant contends that because Plaintiff has not alleged a failure to promote claim, Defendant's hiring statistics are not relevant.

Plaintiff claims that he is entitled to statistical evidence because it is relevant to show pretext.  Plaintiff also believes he is entitled to information regarding the racial profile of the entire company because "employment decisions affecting Plaintiff were made at the companywide level."  (Doc. 11, p.6).  To support this claim, Plaintiff, points out that he received a letter from the company's legal counsel (whose office is at the

company's headquarters) explaining the reasons for Plaintiff's termination.  However,

Defendant has provided an affidavit asserting that the decision to discharge Plaintiff was

made by David Hawley, who has no decision-making authority outside of Region 55.

(Doc. 12, p.17).

The Court agrees with Plaintiff that statistics may be relevant in an employment

discrimination claim, however, the statistics must be from the relevant area.  In this

case, the relevant area is Region 55.  Region 55 is where Plaintiff worked, where he

was allegedly subjected to discrimination and where all the individuals who allegedly

subjected him to discrimination work.  Additionally, as noted above, the individual who

terminated his employment only has decision-making authority in Region 55.

Accordingly, Plaintiff will be permitted to discover the racial profile for Region 55 for the

years 2002, 2003 and 2004.  Defendant shall provide this information no later than

**Wednesday, January 25, 2006**.

**B.   Plaintiff's First Request for Production to Defendant**

**1.   Request No. 5**

In Request No. 5, Plaintiff seeks all "documents relating to any complaints of

racial discrimination or racial harassment committed by the defendant, its employees or

agents." (Doc. 10, p.7).  As previously decided, Defendant is required to produce any

documents regarding racial discrimination or harassment from January 1, 1999 to the

present for Region 55.

**2.   Request No. 16**

Plaintiff's Request No. 16 seeks "[a]ll documents relating to the balance sheet reflecting the assets and liabilities and net worth of the defendant including 10-K statements and Annual Reports for the fiscal years 2002, 2003 and 2004." (Doc. 10, p.8).  Defendants objected to this request on the grounds that it sought irrelevant information, was overbroad and unduly burdensome.  In its response to the motion to compel, Defendant takes the position that despite Plaintiff's claims for punitive damages, Plaintiff is not entitled to information regarding Defendant's financial condition.  Defendant argues that because a plaintiff has no obligation to admit evidence regarding a defendant's financial condition in order to be entitled to punitive damages, it follows that such evidence is not discoverable by a plaintiff seeking punitive damages.  Defendant does not cite to any cases supporting its claim that financial information is not discoverable in a case where a plaintiff seeks punitive damages.  In the alternative, Defendant asks the Court to order the parties to enter into a protective order to "protect[] the use and dissemination of the sensitive and confidential financial data." (Doc. 12, p.12).

The Court rejects Defendant's argument and finds that information regarding Defendant's financial condition is relevant in this case because it can be considered in determining punitive damages.  Rule 26(b) permits discovery of any information "that is relevant to the claim or defense of any party."  Defendant's financial condition is certainly relevant to Plaintiff's claim for punitive damages.  Accordingly, the Court will permit such discovery, However, Plaintiff's request is overly broad as drafted.  All

documents relating to the balance sheet is too broad.  The Court finds Defendant shall produce all balance sheets, 10-K statements and Annual Reports for the fiscal years 2003 and 2004.  These documents shall be provided to Plaintiff no later than **Wednesday, January 25, 2006**.  Should the parties desire to enter into a confidentiality agreement, they are free to do so without Court approval.

### 3.        Request No. 23

In its Request No. 23, Plaintiff seeks "[a]ll documents including all tape recordings and written statements relating to all inquiries or investigations conducted as a result of plaintiff's claim or allegation of discrimination."  (Doc. 10, p.8).  Defendant responds that it has produced all responsive documents except the tape recordings it took during its investigation into Plaintiff's complaints or the "investigation report" generated as a result of its investigation.  (Doc. 12, p.12).  Defendant claims that it cannot locate the tape recordings and that even if they could be located, Defendant should not be required to produce them because they were made in anticipation of litigation and contain mental impressions protected by the attorney work product doctrine.  (Doc. 12, p.13).  Defendant also claims the investigative report is protected by the work product doctrine because it contains mental impressions.  Id.  Defendant has not, however, provided the Court with any information regarding the investigation such as when and by whom it was conducted.

In its Answer and Defenses (Doc. 6), Defendant asserts that:

> [w]ith regard to Plaintiff's claim of hostile work environment/harassment, Defendant exercised reasonable care to prevent and correct any hostile work environment. Further, Defendant asserts that Plaintiff unreasonably failed

>  to take advantage of any preventative or corrective
>  opportunities provided by Defendant or to avoid harm
>  otherwise.

(Doc. 6, pp. 6-7).  Ordinarily, when a defendant attempts to avoid liability by relying on

its internal investigation and subsequent remedial action, it waives any privilege that

may attach to the investigation.  See Volpe v. US Airways, Inc., 184 F.R.D. 672, 673

(M.D. Fla. 1998).  As stated above, it is impossible to determine whether Defendant's

investigation was such that it must be disclosed.  Because neither party addressed this

issue in their filings, the Court will require Defendant to file a brief memorandum

explaining why the investigation is protected by the work product doctrine and why that

protection has not been waived by the affirmative defense noted above.  This

memorandum shall be filed no later than **Friday, January 20, 2006**.  Plaintiff shall file a

responsive memorandum no later than **Friday, February 3, 2006**.

### 4.      Request Nos. 42, 43 and Request No. 1 of Plaintiff's Second Request for Production to Defendant

Plaintiff's Requests Nos. 42 and 43 of Plaintiff's First Request for Production and

No. 1 of Plaintiff's Second Request for Production to Defendant seek telephone records

for three of Defendant's employees.  Plaintiff claims these records are relevant to

demonstrate that Defendant ignored Plaintiff's claims of race discrimination.  (Doc. 11,

p.9).  Defendant objected to these requests as being overly broad, irrelevant and unduly

burdensome.  However, in response to the instant motion, Defendant contends that it

does not have custody of any personal phone records for the individuals to whom

Plaintiff refers.  Additionally, Defendant claims that its office telephone records are not

"subdivided into separate accounts or users."  (Doc. 12, p.14).

Since the requests seek the records for specific telephone lines and because

Defendant certifies that such documents do not exist, the Court will deny the motion to

compel insofar as it seeks these records.  Additionally, because Defendant asserts it

does not have custody of the cellular telephone records for these employees, the Court

will not compel their production.

After due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel Discovery (Doc. 10) is **GRANTED** in part and

**DENIED** in part as stated in the body of this Order.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this _9th_ day of

January, 2006.


*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record