UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROYCE WILLIAMS,

    Plaintiff,

vs.                                                                                 Case No.  3:05-cv-479-J-20MCR

ASPLUNDH TREE EXPERT CO.,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery (Doc. 10) filed November 22, 2005.  Defendant filed a response in opposition on December 9, 2005.  (Doc. 12).  Accordingly, the matter is ripe for judicial review.

### **I.  BACKGROUND**

On May 24, 2005, Plaintiff filed an action alleging racial discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. §1981 and the Florida Civil Rights Act.  (Doc. 1).  The Complaint also asserted several state law claims.  Essentially, the Complaint alleged Defendant subjected Plaintiff to discrimination and harassment on the basis of his race and that Plaintiff's employment was ultimately terminated because of his race and in retaliation for complaining of racial discrimination.  (Doc. 1).

On August 22, 2005, Plaintiff served Defendant with his first set of interrogatories and his first requests for production.  (Doc. 10, Exs. A and B).  One of the discovery

requests sought "[a]ll documents including all tape recordings and written statements relating to all inquiries or investigations conducted as a result of plaintiff's claim or allegation of discrimination." (Doc. 10, p.8).  Defendant responded that it should not be required to produce the information regarding its investigation into Plaintiff's claims because such information was protected as attorney work product.

In ruling on the Motion to Compel, the Court noted that Defendant had not provided the Court with any information regarding the investigation such as when and by whom it was conducted. (Doc. 16, p.9).  Additionally, after noting that Defendant had asserted an affirmative defense that it exercised reasonable care to prevent and correct any hostile work environment and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise, the Court held:

> [o]rdinarily, when a defendant attempts to avoid liability by relying on its internal investigation and subsequent remedial action, it waives any privilege that may attach to the investigation.  See Volpe v. US Airways, Inc., 184 F.R.D. 672, 673 (M.D. Fla. 1998).  As stated above, it is impossible to determine whether Defendant's investigation was such that it must be disclosed.  Because neither party addressed this issue in their filings, the Court will require Defendant to file a brief memorandum explaining why the investigation is protected by the work product doctrine and why that protection has not been waived by the affirmative defense noted above.

(Doc. 16, p.10).  The parties filed their legal memoranda and the Court is prepared to rule on this remaining issue.

Defendant takes the position that it need not produce information regarding its investigation into Plaintiff's complaints of harassment and discrimination because the

investigation was undertaken in anticipation of litigation and therefore, is protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure. Defendant explains that on June 21, 2004, the NAACP issued a formal complaint to Defendant accusing Defendant of unlawful harassment and discrimination. In response to this formal complaint, Defendant's in-house counsel directed Ryan Swyer to initiate an investigation. Mr. Swyer asked David Hawley, a manager, to conduct interviews and to generate a report. (Doc. 18, p.2). Additionally, Defendant argues that it has not waived any work product protections by asserting the above-noted affirmative defense because the investigation cannot be used to support the defense. (Doc. 18, pp. 4-7). Plaintiff takes the position that the information surrounding the investigation is not protected work product because it was not produced in anticipation of litigation by an attorney. (Doc. 19, pp. 6-7). Additionally, Plaintiff argues that Defendant waived any privilege by asserting that it exercised reasonable care to prevent and correct any hostile work environment. (Doc. 19).

As an initial matter, the Court must first determine if the materials sought by Plaintiff may be considered work product. Claims of work product immunity are governed by Rule 26(b)(3) of the Federal Rules of Civil Procedure, which states in pertinent part:

> [A] party may obtain discovery of documents and tangible
> things otherwise discoverable ... and prepared in anticipation
> of litigation or for trial by or for another party or by or for that
> other party's representative (including the other party's
> attorney, consultant, surety, indemnitor, insurer, or agent)
> only upon a showing that the party seeking discovery has
> substantial need of the materials in the preparation of the
> party's case and that the party is unable without undue

> hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

The work product protections of Rule 26(b)(3), however, typically apply "'only to documents prepared principally or exclusively to assist in anticipated or ongoing litigation.'" Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 471 (S.D.N.Y. 1993) (quoting Martin v. Valley Nat. Bank of Arizona, 140 F.R.D. 291, 304 (S.D.N.Y. 1991)).  "Documents which do not refer to work product prepared by an attorney or other agent of a party to aid in forthcoming litigation, and which were generated in the ordinary course of business, are discoverable."  Allendale Mut. Ins. Co. v. Bull Data Systems, Inc., 152 F.R.D. 132, 136 (N.D. Ill. 1993).

"'The burden of establishing that a document is work product is on the party who asserts the claim.'" Freiermuth v. PPG Industries, Inc., 218 F.R.D. 694, 700 (N.D. Ala. 2003) (quoting, Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S., 768 F.2d 719, 721 (5th Cir. 1985)).  Here, Defendant claims that after receiving the letter from the NAACP indicating that the NAACP had conducted a "cursory investigation and found much of Royce Williams' allegations to be factual" (Doc. 19, Ex. A), Defendant began its investigation because it anticipated that litigation would be forthcoming.   Plaintiff argues that the letter from the NAACP does not threaten litigation and that therefore, the investigation was not conducted in anticipation of litigation.

It is clear that the investigation, which occurred June 28, 2004 through July 9, 2004, was conducted prior to the formal initiation of this litigation.[1]  Courts in this circuit have utilized different standards for making a showing that a document was created in anticipation of litigation.  Some courts find that in order for a document created before litigation is commenced to be considered "prepared in anticipation of litigation," the party asserting the protection must show that "there was a substantial possibility that litigation would occur and that commencement of such litigation was imminent." Federal Deposit Ins. Corp. v. Cherry, Bekaert & Holland, 131 F.R.D. 596, 603 (M.D. Fla. 1990) (citing Securities and Exchange Commission v. World-Wide Coin Investments, Ltd., 92 F.R.D. 65, 66 (N.D. Ga. 1981)).  Other courts have held that "litigation need not necessarily be imminent, . . ., as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." United States v. Davis, 636 F.2d 1028, 1040 (5th Cir. 1981) (citing, Osterneck v. E.T. Barwick Industries, Inc.., 82 F.R.D. 81, 87 (N.D. Ga. 1979)).  The Court finds Defendant has satisfied either of these tests.  First, the undersigned finds Defendant had reason to believe that there was a substantial possibility that litigation would ensue (either from the NAACP, Plaintiff or another civil rights organization) shortly after receiving the letter from the NAACP.  Additionally, the Court is persuaded that the concern over potential litigation was the primary motivating purpose behind the investigation.  Accordingly, Defendant has sufficiently shown that the investigation was undertaken in anticipation of litigation.

---

[1] The Complaint in this case was filed on May 24, 2005.  (Doc. 1).

Next, to the extent Plaintiff argues that because the witness interviews were conducted by Mr. Hawley, rather than an attorney, they are not protected by the work product doctrine, the Court disagrees.  Rule 26(b)(3) specifically protects documents created by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  Mr. Hawley was acting as Defendant's representative when he conducted the witness interviews.  Thus, the Court finds the documents created during the investigation are protected work product.

Having determined the documents surrounding Defendant's investigation into Plaintiff's claims of harassment are protected by the work product doctrine, the undersigned must now consider whether Defendant has waived any work product protections by asserting an affirmative defense that it exercised reasonable care to prevent and correct any hostile work environment and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

In 1998, the Supreme Court established an affirmative defense for employers in Title VII harassment cases.  The affirmative defense requires an employer to show: (1) that the employer exercised reasonable care to prevent and correct promptly any discriminatory and harassing behavior, and (2) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.  <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 807, 118 S.Ct. 2275, 2293 (1998); <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742,

764, 118 S.Ct. 2257, 2270 (1998).  Defendant argues that it does not intend to utilize the investigation to support this affirmative defense because it did not conduct the investigation until after Plaintiff had left its employ.  Plaintiff takes issue with this contention, noting that while Plaintiff was on leave as of May 12, 2004, his employment was not officially terminated until November 30, 2004.

The Court finds this argument without merit.  The actual date of Plaintiff's termination is not dispositive.  Plaintiff's last day at work was May 12, 2004.  He did not return to work after that date.  The Court also agrees with Defendant's contention that simply asserting a Faragher defense does not automatically put any investigation at issue.  See McGrath v. Nassau County Health Care Corp., 204 F.R.D. 240, 244 (E.D.N.Y. 2001) (holding that any suggestion that employers put post-harassment investigations conducted at issue simply by invoking the Faragher-Ellerth defense "would eviscerate both the attorney-client privilege and the work product doctrine").  Here, Defendant asserts that it will not use the investigation to support its affirmative defense.  Instead, Defendant claims it will show that at all relevant times, it had a widely disseminated anti-discrimination and harassment policy, that Plaintiff was aware of the policy and failed to report any alleged discrimination or harassment until after he left work.  As Defendant is not attempting to assert the adequacy of its investigation as a defense, the Court finds Defendant has not waived any work product protections.  Defendant is cautioned, however, against attempting to use either the investigation or any measures it took as a result of the investigation as a defense in this case.

After due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel Discovery, insofar as it deals with Plaintiff's Request for Production 23 (Doc. 10) is **DENIED** at this time.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  8th  day of February, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record