UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROYCE WILLIAMS,

     Plaintiff,                   Case No.: 3:05-cv-479-J-33MCR

vs.

ASPLUNDH TREE EXPERT CO.,

     Defendant.

_____/


**<u>ORDER</u>**

This matter comes before the Court pursuant to Defendant's Motion to Strike Exhibit 3 to Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. # 31-1), which was filed May 16, 2006.  Plaintiff responded in opposition to the Motion to Strike (Doc. # 32-1) on June 1, 2006.  For the reasons stated herein, Defendant's Motion to Strike is **GRANTED IN PART AND DENIED IN PART**.

**I. <u>BACKGROUND</u>**

Defendant moves to strike the declaration of Andrew L. Burnham (Doc. # 30-5) submitted by Plaintiff as an affidavit in opposition to Defendant's Motion for Summary Judgment.  Defendant argues that the Court should strike the affidavit pursuant to Federal Rule of Civil Procedure 56(e) for two reasons.  Federal

-1-

Rule of Civil Procedure 56(e) states in pertinent part that "affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). First, the affidavit was not made on personal knowledge. Second, paragraphs in the affidavit contain conclusions of law or are based on information and belief, and are therefore not admissible in evidence. Defendant further argues that the Court should strike the affidavit as a "sham-affidavit," and that Plaintiff filed the affidavit in bad faith, prohibited by Federal Rule of Civil Procedure 56(g). The affidavit in question is reproduced below in full:

### DECLARATION OF ANDREW L. BURNHAM

1. My name is Andrew L. Burnham and I am over the age of 18 years and a resident of the State of Florida. I have personal knowledge of the facts and information contained herein.
2. I was employed by Asplundh Tree Expert Co. ("Asplundh") and knew Mr. Royce Williams who was also an employee at Ashpludh.
3. During my employment with Asplundh, I heard Ed Timmerman call Royce Williams "Nigger" in a hostile manner on numerous occasions. Mr. Timmerman would also use the word "nigger-rigged" toward Royce Williams, who was the only black that I saw working for Asplundh.
4. It was common knowledge in the workplace that Mr. Timmerman threatened Royce Williams with a "Noose" made of rope. I am confident that Mr. Timmerman called Mr. Williams "Nigger" and threatened with a "Noose" in an intimidating manner rather than in a joking manner.

-2-

5. Because I worked on separate crew than Royce Williams, I believe that other Asplundh Supervisors including Ed Sanders knew or should have known about Mr. Timmerman's racial slurs and/or his use of a "Noose" to intimidate Mr. Williams.
6. I believe that Ed Timmerman harassed and intimidated Mr. Williams because he is black.
7. To my knowledge, Asplundh never gave me formal training concerning race discrimination.
7. It was common knowledge that Asplundh would hire employees with criminal records including felonies.[1]
8. I have given this statement voluntarily, without promise or benefit or threat or coercion.
Pursuant to 28 U.S.C. § 1746(2), I have executed this Declaration in the United States and I declare under penalty of perjury that the foregoing is true and correct. Executed on this 22nd (handwritten) day of May, 2005.

(signed Andrew L. Burnham) (Doc. # 30-5)

## II. STANDARD OF REVIEW

A District Court's denial of a motion to strike is reviewed for abuse of discretion. Tonnesen v. Marlin Yacht Mfg., Inc., 05-14096, 2006 WL 708935, at *5 (11th Cir. Mar. 22, 2006); Hall v. United Ins. Co. of America, 367 F.3d 1255, 1261 (11th Cir. 2004) (stating that review of a district court's ruling on a motion to strike is very limited).

## III. ANALYSIS

### a. Affiant's Illiteracy

The Court may strike an affidavit filed in opposition to a motion for summary judgment for failure to comply with Federal

---

[1] When drafting the original affidavit, Plaintiff's attorney included two paragraph sevens.

Rule of Civil Procedure 56(e).  <u>Johnson v. Scotty's Inc.</u>, 119 F. Supp.2d 1276, 1281 (M.D. Fla. 2000).  Defendant argues in the Motion to Strike that Burnham does not have personal knowledge as required by Rule 56(e) because he is illiterate and did not read the affidavit's contents before he signed.  The Court notes that when a person signs a document, the person thereby adopts the document as their own.  <u>United States v. Heath</u>, 536 F.2d 1069, 1070 (5th Cir. 1976) (finding that a signed statement that was neither read by or read to the defendant was sufficient to sustain a conviction).[2]

Here, Plaintiff's attorney drafted the affidavit following receipt of a hand-written statement prepared by Burnham. (Doc. # 32-3, p. 2:5.)  Plaintiff's attorney delivered the prepared statement to Burnham for his review and signature. (Doc. # 32-3, p. 2:6.)  Burnham signed the declaration in May 2005, and returned the fully executed document to Plaintiff's attorney. (Doc. # 32-3, p. 3:7.)  Nevertheless, on February 16, 2006, Burnham gave a deposition denying everything he stated in the affidavit.  (Doc. # 32-2 p. 37:6-11.)  Plaintiff argues that Burnham's change of story was a result from being under the

---

[2] The Eleventh Circuit in <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

-4-

"watchful eye" of an Ashpludh supervisor.  (Doc. # 32-1, p. 9.)
Burnham was not employed by Ashpludh while making the affidavit;
however, Burnham was employed by Ashpludh while giving the
deposition. (Doc. # 32-2, p. 12:14.)

Although not reaching a conclusion, the Court notes the
possibility that Burnham may have had reason to change his story
during the deposition.   Thus, the Court finds that Burnham's
alleged illiteracy does not unequivocally negate personal
knowledge as required by Rule 56(e).

**b. Sham Affidavit**

Defendant further argues that the Court should strike the
affidavit because it is inconsistent with the affiant's later
deposition.   The Court finds this argument unpersuasive.   Rule
12(f)of the Federal Rules of Civil Procedure, provides that upon
motion by a party or upon the court's initiative, "the court may
order stricken from any pleading any insufficient defense or any
redundant, immaterial, impertinent, or scandalous matter." Fed.
R. Civ. P. 12(f).   When considering a motion for summary
judgment, the Court must consider all proffered evidence and
cannot disregard an affidavit simply because it conflicts with a
deposition.   Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892-93
(5th Cir. 1980) (stating that district courts must not resolve
factual disputes by weighing conflicting evidence; doing so is

within the province of the jury).  However, the Court may strike any affidavit it considers a "sham-affidavit."  <u>Van T. Junkins and Assoc. v. U.S. Indus.</u>, 736 F.2d 656, 656-57 (11th Cir. 1984). A sham-affidavit is defined as an affidavit given and submitted for the sole purpose of creating a factual dispute where it is clear through previous deposition that one does not exist.  <u>Id.</u> at 659.

The Court finds Defendant's sham-affidavit argument unpersuasive because Burnham was deposed <u>after</u> making the declaration.  The Court notes that while an affidavit is sometimes used as nothing more than a tactic to attack the credibility of a preceding deposition, it is less likely the case when the affidavit comes before the deposition.  <u>Tippens v. Celotex Corp.</u>, 805 F.2d 949, 954 (11th Cir. 1986) (stating that "it is much less likely that an affidavit which precedes a weak deposition is filed as a transparent sham than is a discrediting affidavit which is filed after a weak deposition which failed to establish a material issue of fact . . .").

As Plaintiff correctly points out, Burnham signed and provided the affidavit to Plaintiff's counsel nearly nine months before Burnham was deposed.  (Doc. # 32-3, p. 3.)  Thus, the affidavit could not have been submitted for the sole purpose of

-6-

creating a factual dispute with a deposition that was yet to occur. The Court finds the sham-affidavit test inapplicable in the present situation because Burnham provided the affidavit <u>before</u> he was deposed.

### c. Personal Knowledge

Although the Court denies Defendant's Motion to Strike the entire affidavit, certain paragraphs within the affidavit are due to be stricken for failure to comply with Federal Rule of Civil Procedure 56(e). Defendant argues that the Court should strike paragraphs 4, 5, 6, and second 7. The Court notes when refusing to strike an affidavit in its entirety, it may still strike inadmissible portions. <u>Story v. Sunshine Foliage World, Inc.</u>, 120 F. Supp.2d 1027, 1030 (M.D. Fla. 2000) (quoting <u>Lee v. Nat'l Life Assurance Co.</u>, 632 F.2d 524, 529 (5th Cir. 1980).

As previously stated, Rule 56(e) requires that an affidavit be made on personal knowledge, as opposed to information and belief. Fed. R. Civ. P. 56(e); <u>Ellis v. Eng.</u>, 432 F.3d 1321, 1327 (11th Cir. 2005). The Court notes that personal knowledge may be inferred from the content of the affidavit. <u>Goldsmith v. City of Atmore</u>, 996 F.2d 1155, 1163 (11th Cir. 1993) (quoting <u>Visser v. Packer Eng. Assoc., Inc.</u>, 924 F.2d 655, 659 (7th Cir. 1991) (stating that "all knowledge is inferential"). "[C]ommon

-7-

sense dictates that if an affiant is an employee of a company, she has personal knowledge of events and circumstances that occurred at the company within her sphere of observation." <u>Davis v. Valley Hospitality Services, LLC</u>, 372 F. Supp.2d 641, 653 (M.D. Ga. 2005) (citing <u>Barthelemy v. Air Lines Pilots Ass'n</u>, 897 F.2d 999, 1018 (9th Cir. 1990). However, "[b]elief, no matter how sincere, is not equivalent to knowledge." <u>Pace v. Capobianco</u>, 283 F.3d 1275, 1279 (11th Cir. 2002) (quoting <u>Jameson v. Jameson</u>, 176 F.2d 58, 60 (D.C. Cir. 1949)).[3]

Accordingly, the Court orders the second sentence of paragraph 4 beginning "I am confident," and paragraphs 5 and 6, stricken because each are based on belief, rather than personal knowledge.[4]  Although worded problematically, the Court does not strike the first sentence of paragraph 4 and second 7 because

---

[3] Burnham's affidavit contains a blanket statement stating all information in the affidavit is based on personal knowledge. (Doc. # 30-5) However, the Court notes that even when an affidavit contains such a blanket statement, it may still find portions of the affidavit inadmissible under Rule 56(e).  <u>Pace</u>, 283 F.3d at 1279.

[4] Second sentence of paragraph 4: I am confident that Mr. Timmerman called Mr. Williams "Nigger" and threatened with a "Noose" in an intimidating manner rather than in a joking manner.; Paragraph 5: Because I worked on separate crew than Royce Williams, I believe that other Asplundh Supervisors including Ed Sanders knew or should have known about Mr. Timmerman's racial slurs and/or his use of a "Noose" to intimidate Mr. Williams.; Paragraph 6: I believe that Ed Timmerman harassed and intimidated Mr. Williams because he is black.

"common knowledge" in the workplace infers personal knowledge.[5]

### d. Bad Faith

Federal Rule of Civil Procedure 56(g) provides that if a court determines that an affidavit was filed in bad faith or for the purpose of delay, the court shall award the burdened party reasonable expenses, including attorney's fees.  Fed. R. Civ. P. 56(g).   The Court finds that Plaintiff did not attach the affidavit in bad faith.

Here, Plaintiff timely filed the affidavit in attempt to bring to the Court's attention a possible factual dispute between the affidavit and Burnham's later deposition.   The Court finds that Plaintiff has not attempted to mislead the Court or delay the proceedings.   Thus, the Court denies Defendant's request for relief under Federal Rule of Civil Procedure 56(g).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion to Strike Exhibit 3 to Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. # 31-1) is **GRANTED IN PART AND DENIED IN PART** consistent with the

---

[5] First sentence of paragraph 4: It was common knowledge in the workplace that Mr. Timmerman threatened Royce Williams with a "Noose" made of rope.; Paragraph second 7: It was common knowledge that Asplundh would hire employees with criminal records including felonies.

-9-

foregoing.

   **DONE** and **ORDERED** in chambers in Jacksonville, Florida, this
28th day of June, 2006.

                              VIRGINIA M. HERNANDEZ COVINGTON
                                 UNITED STATES DISTRICT JUDGE


Copies: All Counsel and Parties of Record