UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROYCE WILLIAMS,

    Plaintiff,

vs.    Case No. 3:05-cv-479-J-20MCR

ASPLUNDH TREE EXPERT CO.,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Affirmative Defense (Doc. 56) filed August 17, 2006. Defendant filed a response in opposition on August 24, 2006. (Doc. 59). Accordingly, the matter is ripe for judicial review.

## I. BACKGROUND

On May 24, 2005, Plaintiff filed an action alleging racial discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. §1981 and the Florida Civil Rights Act. (Doc. 1). The Complaint also asserted several state law claims. Essentially, the Complaint alleged Defendant subjected Plaintiff to discrimination and harassment on the basis of his race and that Plaintiff's employment was ultimately terminated because of his race and in retaliation for complaining of racial discrimination. (Doc. 1).

In its Answer, Defendant raised the following affirmative defense:

> With regard to Plaintiff's claim of hostile work
> environment/harassment, Defendant exercised reasonable

> care to prevent and correct any hostile work environment.
> Further Defendant asserts that Plaintiff unreasonably failed
> to take advantage of any preventative or corrective
> opportunities provided by Defendant or to avoid harm
> otherwise.

(Doc. 6, pp. 6-7). This affirmative defense (the "Faragher defense") was created in 1998 by the Supreme Court for employers in Title VII harassment cases. Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275 (1998) and Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257 (1998). The Faragher defense requires an employer to show: (1) that the employer exercised reasonable care to prevent and correct promptly any discriminatory and harassing behavior and (2) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise. Faragher, 524 U.S. at 807, 118 S.Ct. at 2293; Ellerth, 524 U.S. at 764, 118 S.Ct. at 2270.

Back in November 2005, Plaintiff filed a Motion to Compel (Doc. 10) seeking an Order requiring Defendant to produce documents associated with its internal investigation into Plaintiff's allegations of harassment and discrimination. Defendant withheld the documents claiming they were work product in that they were produced in anticipation of litigation. Plaintiff argued Defendant waived any privilege by invoking the Faragher defense. The Court disagreed finding that simply asserting a Faragher defense did not automatically put the investigation at issue. (Doc. 20). The Court noted Defendant's assertion it would not use the investigation to support its affirmative defense but rather would show that at all relevant times, it had a widely disseminated anti-discrimination and harassment policy, that Plaintiff was aware of the policy and

failed to report any alleged discrimination or harassment until after his employment ended.  Id.  The Court found that because Defendant was not attempting to assert the adequacy of its investigation as a defense, Defendant had not waived any work product protections.  Id.  Finally, the Court cautioned Defendant against attempting to use either the investigation or any measures it took as a result of the investigation as a defense in this case.  Id.

## II.  ANALYSIS

In the instant Motion, Plaintiff seeks an Order striking Defendant's Faragher defense because he claims Defendant failed to produce any evidence of the investigation it conducted into Plaintiff's allegations of harassment.  As such, Plaintiff argues Defendant cannot satisfy the first prong of the Faragher defense in that Defendant cannot show it took any corrective measures to remedy the alleged racial harassment.  (Doc. 56, p.5).  Defendant responds that it is not necessary to show that it conducted an investigation in order to satisfy the first prong of the Faragher defense.  Instead, Defendant asserts its harassment policy is sufficient to satisfy the first prong and because Plaintiff failed to report any harassment while he was still working for Defendant, it was not possible for Defendant to take any corrective measures.  (Doc. 59).

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Under Rule 12(f) an affirmative defense may be stricken if it is legally insufficient.  "'A motion to strike is a drastic remedy[,]' which is disfavored by the

courts." Thompson v. Kindred Nursing Ctrs. East, LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962) and Poston v. American President Lines Ltd., 452 F. Supp. 568, 570 (S.D. Fla. 1978)).  "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Florida Software Systems, Inc. v. Columbia/HCA Healthcare Corp., 1999 WL 781812, at *1 (M.D. Fla. 1999).  Further, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."  Id.

In the instant matter, the Court does not believe Plaintiff has shown Defendant's Faragher defense is insufficient as a matter of law.  The Court believes there exists a set of facts under which, Defendant may be able to establish the defense.  Indeed, "[t]he first element of the affirmative defense is satisfied if the employer promulgates an anti-harassment policy with a complaint procedure," and the "employer satisfies the second element of the affirmative defense if an employee fails to use the employer's complaint procedure."  Harris v. Equifax, Inc., 2006 WL 819757 at *9 (N.D. Ga. 2006) (citing, Madray v. Publix Supermarkets, Inc., 208 F.3d 1290, 1300 (11th Cir. 2000)).  The Court expresses no opinion as to whether Defendant will be successful in its attempt to utilize the Faragher defense, but believes striking the defense is not warranted.

-4-

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Strike Affirmative Defense (Doc. 56) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  25th  day of August, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record