UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Royce Williams,

    Plaintiff,

vs.                                                     Case No.  3:05-cv-479-J-33MCR

Asplundh Tree Expert Co.,

    Defendant.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Quash Subpoenas and Motion for Protective Order (Doc. 63) filed August 28, 2006.  Plaintiff filed his response to the motion on August 31, 2006 (Doc. 76).  Accordingly, the motion is now ripe for judicial review.

**I. BACKGROUND**

The instant case involves Plaintiff's claims that Defendant subjected him to discrimination and harassment on the basis of his race and that Plaintiff's employment was ultimately terminated because of his race and in retaliation for complaining about the discrimination.  (Doc. 1).  The case was scheduled for the trial term commencing September 5, 2006, but the parties have been notified by the Court that the trial will most likely commence in the latter part of September or the early part of October, 2006.

On August 3, 2006, counsel for Plaintiff issued subpoenas for the following persons to attend the trial in the above-styled cause during the trial term beginning

September 5, 2006: (1) records custodian of Plaintiff's earning records; (2) corporate representative of Plaintiff's earning records; (3) records custodian of Asplundh's consolidated balance sheets; (4) corporate representative of Asplundh's consolidated balance sheets; (5) records custodian for Tatoian's letter dated July 23, 2004; (6) corporate representative for Tatoian's letter dated July 23, 2004; (7) records custodian of prior race discrimination claims against Asplundh; (8) corporate representative concerning prior race claims; (9) records custodian of the allegations by Robert Lewis against Asplundh in the Northern District Court of Florida and the U.S. Eleventh Circuit Court of Appeals; and (10) corporate representative of the allegations by Robert Lewis against Asplundh in the Northern District Court of Florida and the U.S. Eleventh Circuit Court of Appeals.  These subpoenas were served upon an employee of Defendant located in Lake City, Florida, a town within the borders of this judicial district.  Defendant argues, however, that the persons listed in each subpoena reside and work in or around Willow Grove, Pennsylvania.  As such, Defendant takes the position that these subpoenas should be quashed because the Court's subpoena power does not extend to Pennsylvania and because they were not accompanied by the witness fees as required by Rule 45(b)(1) of the Federal Rules of Civil Procedure.  (Doc. 63).  Additionally, Defendant asks the Court to issue a protective order regarding testimony of its corporate representative.  Id.

Plaintiff's response indicates the parties have resolved all disputes regarding the first nine subpoenas listed above and only seek Court resolution of issues involving the subpoena issued to Defendant's corporate representative regarding the allegations of

Robert Lewis against Defendant in an earlier case. (Doc. 76). This remaining dispute centers around Plaintiff's attempts to present evidence regarding an earlier law suit filed by a former employee of Defendant, Robert Lewis. According to Plaintiff, Mr. Lewis sued Defendant claiming racial discrimination and making allegations very similar to those raised by Plaintiff. Defendant has filed a motion in limine asking the District Judge to exclude evidence of other claims of race discrimination against Defendant. (Doc. 44). That motion is currently pending before Judge Covington.

## II.  ANALYSIS

The Court will examine each of Defendant's arguments regarding the subpoena to the corporate representative regarding the allegations of Robert Lewis.

### A. The subpoena does not include the required witness fee.

Defendant first argues the subpoena issued to its corporate representative should be quashed because it did not include mileage expenses. (Doc. 63, pp. 2-3). Plaintiff responds that in an abundance of caution, he sent to counsel for Defendant payment for the estimated mileage of travel for the corporate representative. (Doc. 76). As such, the Court will not quash the subpoena on this basis.[1]

### B. The subpoena exceeds the Court's subpoena power.

Defendant takes the position that any corporate representative would reside in Pennsylvania and thus, would be outside the 100-mile limit set forth in Rule 45(b)(2). Plaintiff responds that it is permitted to serve a subpoena for a corporate representative

---

[1] Plaintiff also argues that he is not required to pay mileage for the corporate representative because such individual is a party-witness for Defendant. The Court does not agree.

at Plaintiff's corporate headquarters located in Lake City, Florida.  As noted above, Plaintiff seeks testimony from a corporate representative of Defendant who has knowledge of the lawsuit filed by Robert Lewis.  Originally, Plaintiff requested Defendant produce Philip Tatoian, Defendant's General Counsel who was allegedly involved in the legal handling of the Lewis case, to testify at the trial as a corporate representative.  According to Plaintiff, Defendant would not agree to produce Mr. Tatoian.  Therefore, Plaintiff's counsel drafted a subpoena seeking an appropriate corporate representative to testify about the Lewis case.  Because Plaintiff had no knowledge of who this individual would be or where this individual resides, he issued a subpoena for a corporate representative with knowledge of the Lewis case and served it on the corporate headquarters in Lake City, Florida.  Additionally, Plaintiff argues that the 100-mile limit does not apply to parties to the litigation and Defendant's corporate representative should be considered a party.

Rule 45(c)(3)(A)(ii) demands that a subpoena be quashed or modified if it "requires a person **who is not a party** or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person...."  Rule 45(c)(3)(A)(ii), Fed.R.Civ.P. (emphasis added). Plaintiff argues that the corporate representative would be considered a party and as such, would not be subject to the 100 mile limitation of Rule 45.  Defendant, on the other hand, argues the Court cannot expand its subpoena power to reach corporate officers outside the 100 mile limit.

The Court disagrees with Defendant and notes that a majority of cases have found a distinction between ordinary employees and high-level representatives of a corporation. Ferrell v. IBP, Inc., 2000 WL 34032907 (N.D. Iowa 2000). In Ferrell, the defendant filed a motion to quash trial subpoenas issued to "two high-ranking officers" on the basis that the subpoenas were served beyond 100 miles of the place of trial. Id. at *1. The court denied the motion, noting that the majority of courts hold that the 100 mile limitation does not apply to high level employees of a corporation. Id.

In apparent acknowledgment of the majority of cases, Defendant alternatively asks the Court to rule that to the extent the corporate representative is not a high level official of Defendant, he/she should not be required to testify at the trial. The Court is concerned that such a holding would allow Defendant to designate an employee in Pennsylvania as the corporate representative and then avoid producing that individual on the grounds that he/she is not a high ranking employee. In any event, the corporate representative in this case would clearly be testifying on behalf of the corporation, not in his/her individual capacity. As such, the Court holds that the corporate representative should be considered a "party" regardless of whether he/she is an officer of the company and should be produced even if he/she resides outside the 100 mile limit.[2]

## C. Protective Order

Finally, Defendant argues a protective order is required regarding any testimony of the corporate representative about the Lewis lawsuit because "such testimony would

---

[2] Of course, this holding may be rendered moot by Judge Covington's ruling on the motion in limine.

elicit information that is subject to the attorney-client privilege or work-product doctrine." (Doc. 63, p.8).  Rule 26(c) of the Federal Rules of Civil Procedure allows courts to enter protective orders for good cause shown in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed.R.Civ.P. 26(c).  One seeking a protective order carries the burden of showing good cause and/or the right to be protected.  See U. S. v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).  This burden "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  Garrett, 571 F.2d at 1326, n.3 (citations omitted).

In the instant case, Defendant has the burden of showing good cause for the entry of a protective order.  Defendant has not satisfied this burden.  Defendant has not articulated to the Court with any level of specificity what information needs to be protected and why.  Accordingly, the Court will deny Defendant's Motion for Protective Order at this time.  Defendant is free to raise this issue at trial if and when the corporate representative is being questioned.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Quash Subpoenas and Motion for Protective Order (Doc. 63) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  11th  day of September, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record