```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  JACKSONVILLE DIVISION
```

ROYCE WILLIAMS,

        Plaintiff,

vs.                              Case No. 3:05-cv-479-J-33MCR

ASPLUNDH TREE EXPERT CO.,

        Defendant
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff's Motion in Limine (Doc. # 45), filed by Williams on July 24, 2006. Asplundh filed a response (Doc. # 54) on August 10, 2006. Williams seeks the exclusion of three categories of evidence, each of which is discussed below.

**I. Evidence of Prior EEOC Complaints Filed by Williams**

In 2002, Williams filed with the Equal Employment Opportunity Commission a charge of discrimination against Williams' former employer. Williams later withdrew the charge. Williams seeks to exclude evidence of this charge at trial. Williams advances four arguments for the exclusion of this evidence. First, Williams argues that his prior complaint of discrimination is not relevant to this case. According to Williams, his "initiation of a prior EEOC Charge of Discrimination against . . . a former employer who is not a party to this action, has no bearing on any issues presented in the instant suit against Defendant Asplundh." (Doc.

# 46, at 4.)  Second, Williams argues that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues.  The danger of unfair prejudice is high because this evidence would "improperly invit[e] the jury to view [Williams] as a claims-minded or litigious individual." Id. at 5.  Further, the evidence would "encourage the jury to unfairly perceive [Williams] as an individual who is hypersensitive with respect to issues of race." Id.

Third, Williams argues that evidence of the prior complaint is improper character evidence.  Williams cites persuasive authority for the proposition that litigiousness is just the sort of character trait that cannot be used to prove conduct.

Fourth, Williams argues that evidence of the prior charge of discrimination should be excluded on public policy grounds.  Williams calls on the public policy of protecting from retaliation employees who complain of violations of their federal rights.  Williams argues that allowing admission of prior complaints "would allow [Asplundh] and all other employers to encourage the jury to discredit and punish [Williams] for pursuing his federally guaranteed civil rights." Id. at 13.

Asplundh argues that evidence of the prior discrimination complaint is "relevant as to [Williams'] credibility regarding his emotional damages." (Doc. # 54, at 2.)  Asplundh points to Williams' allegation he suffered emotional injuries caused by the

alleged harassment. Williams may support this allegation with the testimony of a physician who examined and diagnosed Williams. Asplundh asserts that information about the prior discrimination claim would have been relevant to the physician's "conclusions as to whether [Asplundh's] purported actions were the sole cause of [Williams'] alleged emotional distress." Id. at 3. Asplundh also argues that this evidence could be relevant to disputing any assertion by Williams that Williams was unaware of the procedure for complaining of racial harassment.

While evidence of Williams' prior complaint may be relevant to his allegations of emotional injuries, the potential for unfair prejudice is great. On weighing the probative value of the prior complaint against its danger of unfair prejudice, the Court concludes that the danger of unfair prejudice substantially outweighs the probative value of this evidence. Consequently, the Court excludes evidence of the prior complaint under Federal Rule of Evidence 403.

However, this evidence is more probative if used to dispute a statement by Williams that Williams was unaware of the mechanism by which racial harassment is reported. As such, the danger of unfair prejudice does not substantially outweigh the probative value of the evidence if used for this purpose. Consequently, if Williams puts on evidence that he lacked knowledge of how to report racial harassment to the government, Asplundh may put on evidence of

Williams' prior claim with the EEOC.

**II. Evidence of Williams' Workers' Compensation Claim and Settlement with Asplunndh**

After suffering a work-related injury in May 2004, Williams made a workers' compensation claim. Asplundh contested the claim, but Asplundh and Williams eventually entered into a settlement agreement. Williams argues that evidence of the claim and settlement should be excluded from evidence. First, Williams argues that such evidence would be improper character evidence whose prejudicial effect substantially outweighs its probative value. This evidence would lead the jury to view Williams as claims-minded. Second, Williams argues that this evidence is inadmissible under the collateral source doctrine. That doctrine prevents evidence of collateral sources of compensation for an injury in the trial arising out of that injury.

Asplundh argues that evidence of the workers' compensation claim is relevant to the causation of Williams' emotional injuries. Asplundh appears to argue that harassment and a workplace injury could both have caused Williams' emotional injuries. Asplundh further argues that the "considerable settlement award" Williams received is relevant to Williams' emotional injuries. (Doc. # 54, at 9.) Asplundh notes that Williams explained his failure to undergo recommended psychiatric treatment [treatment for his emotional injuries] by citing the expense of such treatment. Asplundh argues that evidence of the settlement award is relevant

4

to show that financial reasons did not prevent Williams from undergoing treatment. In addition, Asplundh argues that "significant events giving rise to the issues in this claim arose" while Williams was on workers' compensation leave. Id. at 10. As such, mention of Williams' injury and leave cannot be avoided.

The Court is persuaded that Asplundh may not introduce evidence of Williams' workers' compensation settlement. There is substantial danger of unfair prejudice in this evidence. The jury may believe that Williams is trying to receive a double recovery for a single harm. See Gormley v. GTE Products Corp., 587 So. 2d 455, 458 (Fla. 1991) (explaining risk of unfair prejudice in introduction of collateral source evidence). Because of that danger, the collateral source rule excludes evidence of payments from collateral sources. Sheffield v. Superior Ins. Co., 800 So. 2d 197, 200 (Fla. 2001). The Court concludes that the probative value of evidence of Williams' workers' compensation settlement is substantially outweighed by the risk of unfair prejudice. Consequently, such evidence is excluded from the trial of this case.

However, Asplundh will not be prohibited from introducing other evidence related to the workers' compensation claim. The fact that Williams suffered a workplace injury and went on leave is inextricably intertwined with the other evidence in this case. To cite only two examples, the physician who diagnosed Williams did so

at the behest of Asplundh's workers' compensation insurer; and Williams made his complaint of harassment only after he went on leave due to his injury. Excluding all evidence related to Williams workers' compensation claim would have the effect of depriving the other evidence in this case of much of its context. As a result, the parties are permitted to introduce evidence of Williams' workers' compensation claim and the events surrounding it.

### III. Evidence of Williams' Felony Conviction

In February 1998, Williams pleaded guilty to the felony of possessing cocaine within 1,000 feet of a school with intent to sell. (Doc. # 46, at 16 n.6). Williams seeks to exclude all mention of this felony conviction at trial. Williams argues that his felony conviction is not relevant to any claim or defense in this case. Next, Williams argues that his felony conviction may not be used to impeach his testimony because the danger of unfair prejudice substantially outweighs the impeachment value of this evidence. Finally, Williams argues that, even if his felony conviction is admissible for impeachment purposes, Asplundh should be prohibited from "referring to the conviction throughout the proceedings and from referring to [Williams] as a 'felon' in front of the jury, at any time." Id. at 20. Asplundh argues that evidence of Williams' felony conviction is admissible for impeachment of Williams' credibility. Asplundh further argues that

the felony conviction is admissible because Williams himself relies on his conviction "to justify the reasons for many of his decisions in this case." (Doc. # 54, at 12.) As such, it "would be extremely difficult, if not impossible," to exclude reference to Williams conviction. Id.

Initially, the Court will allow Williams to use his felony conviction to justify his decisions in this case. The Court will not prevent Williams from making that decision. If Williams opens the door by making mention of his felony conviction, Asplundh will be permitted to use evidence of that conviction for its own purposes. Otherwise, Asplundh will be barred from introducing evidence of Williams' conviction for the purpose of impeaching Williams' credibility. Federal Rule of Evidence 609 provides, "For the purpose of attacking the credibility of a witness, . . . evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was [a felony]." Fed. R. Evid. 609(a). This rule applies to impeachment of plaintiffs in civil suits. See Green v. Bock Laundry Machine Co., 490 U.S. 504, 523-24 (1989) (noting that only criminal defendants are protected by a special balancing test of probity and prejudice set out in Rule 609(a)(1), and that evidence of prior convictions is always admissible to impeach a civil witness).[1]  In

---

[1] Green was decided under a prior version of Rule 609 that included no balancing test whatsoever except when prior convictions were used to impeach a criminal defendant. Tate v. Union Oil Co.

addition, Rule 609 renders presumptively inadmissible felonies for which the later of the conviction or the release from incarceration occurred more than ten years in the past. Fed. R. Evid. 609(b). Because Williams' conviction is not more than ten years old, the only question is whether the conviction should be excluded under Rule 403.

Rule 403 allows the exclusion of otherwise proper evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In this case, Williams' felony conviction is not highly probative of his veracity. However, the danger of unfair prejudice is high. Accordingly, the Court determines that the probative value of Williams' felony conviction is substantially outweighed by the risk of unfair prejudice. For that reason, evidence of Williams' felony

---

of Cal., 968 F. Supp. 308, 310-11 (E.D. La. 1997) (explaining that Congress amended Rule 609 in response to Green, and that the amendment required evidence of felony convictions to pass the ordinary Rule 403 balancing test where a criminal defendant's conviction was not at issue). Currently, two separate balancing tests apply. First, if the witness being impeached is the accused in a criminal case, a prior felony may be admitted as impeachment evidence only if "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). Second, for all other witnesses, including the plaintiff in a civil case, the prior felony must be admitted for impeachment purposes unless its probative value is <u>substantially outweighed</u> by the danger of unfair prejudice or by the other considerations stated in Rule 403. Compare Fed. R. Evid. 609(a)(1) with Fed. R. Evid. 403.

conviction is inadmissible to impeach Williams' credibility. Thus, Asplundh will be prohibited from referring to Williams' conviction or status as a felon in front of the jury. If Williams' felony conviction becomes relevant for a purpose other than impeachment of Williams' general credibility, the Court will consider a motion outside the hearing of the jury for admission of the evidence. Finally, if Williams himself makes mention of his felony conviction, Asplundh, too, will be permitted to use that conviction for any proper purpose.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Evidence that Williams has filed a prior complaint of racial harassment with the EEOC is inadmissible unless Williams asserts that he had no knowledge of the mechanism for reporting racial harassment to the government, in which case Williams' prior EEOC complaint will be admissible for the purpose of impeachment.

2. Evidence of the workers' compensation settlement Williams received in this case is inadmissible. Other evidence of Williams' workers' compensation claim and his leave of absence is admissible.

3. Evidence of Williams' prior felony conviction is inadmissible for the purpose of impeaching Williams' general credibility. If Williams' prior felony conviction becomes relevant for another purpose, Asplundh may make a motion for admission of Williams felony conviction. Any such motion must be made outside

the presence of the jury.  If Williams makes mention of his felony conviction, Asplundh may use evidence of that conviction for any proper purpose.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 9th day of October 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record